UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Douglas Coleman,

            Petitioner,

vs.                            REPORT AND RECOMMENDATION

Joan Fabian and
Robert Feneis,

            Respondents.      Civ. No. 09-1103 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Douglas Coleman for a Writ of Habeas Corpus under Title 28 U.S.C. §2254.  For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II. Procedural and Factual Background

In April of 2008, the Petitioner was convicted, in the Minnesota District Court for St. Louis County, on three (3) Counts of Assault.  See, Petition, Docket No. 1, at ¶¶1-2, 4.  He was sentenced to 39 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility, in Faribault, Minnesota.  See, Petition, supra at ¶ 3, p. 1   After his conviction, the Petitioner filed a direct appeal in the Minnesota Court of Appeals which, at this time, is still pending.  Id. at ¶ 9(b).

On May 12, 2009, the Petitioner filed his current Habeas Corpus Petition, which challenges his conviction, in April of 2008, for Assault, as well as his sentence.  See, Petition, supra at ¶9b.  However, the Petition includes others claims, which suggest that the Petitioner may also be challenging a disciplinary sanction that, he alleges, has caused a postponement in his prison release date.  Id. at ¶12D.

Nevertheless, it is readily apparent that the Petitioner's current Habeas Corpus claims cannot be entertained at this time, because he has failed to exhaust his State Court remedies.

## III. Discussion

1.      Standard of Review.  It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless

the prisoner has first exhausted all available State Court remedies. See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982); see also, Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting Title 18 U.S.C. §2254(b)(1)(A).  The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors that have been raised by State prisoners. See, O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

In order to exhaust his State Court remedies, a prisoner must fairly present his Federal constitutional claims to the highest available State Court before seeking relief

in Federal Court. See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; see also, Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.").

An exhaustion of State remedies requires more than the fact that the Federal Habeas Petitioner has been through the State Courts. See, Picard v. Connor, 404 U.S. 270, 275 (1971). To serve the purposes of exhaustion, the State Courts must have the first opportunity to hear the claim that is sought to be vindicated in a Federal Habeas proceeding. Id., at 275-76. The State Courts have an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 (1999); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id. "Presenting a claim that is merely similar to the federal habeas claim

is not sufficient to satisfy the fairly presented requirement." Id.; see also, Abdullah v. Groose, supra at 412, citing Duncan v. Henry, supra at 366.

Finally, a State prisoner must exhaust his State Court remedies for **all** of the claims that he seeks to raise in a Federal Habeas Corpus Petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. See, Rose v. Lundy, supra at 522.

2.   Legal Analysis. Here, it is readily apparent that the Petitioner has not exhausted his State Court remedies, since his current claims for relief have not been fully adjudicated in the Minnesota State Courts. As noted, the Petitioner has appealed his Assault conviction, and sentence, to the Minnesota Court of Appeals, but at this time, his appeal is still pending. Further, if that appeal is unsuccessful, the Petitioner will have to seek relief, in the Minnesota Supreme Court, before he is eligible for Federal Habeas Corpus review. See, O'Sullivan v. Boerckel, supra at 845 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, * * * state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Dixon v. Dormire, supra at 777 ("[A] state prisoner must

seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state.")[citation omitted]. Thus, the Petitioner's challenge to his Assault conviction, and sentence, cannot be entertained until he has exhausted all of his available State Court remedies.

Similar requirements also apply to the Petitioner's challenge to his disciplinary sanction. Indeed, Minnesota law provides a remedy, which the Petitioner has not fully exhausted -- namely, a Habeas Corpus action in the State Courts under Minnesota Statutes Section 589.01, et seq. Minnesota Courts have recognized that a State prisoner can use Section 589.01 so as to challenge prison disciplinary proceedings. See, Case v. Pung, 413 N.W.2d 261, 262 (Minn.App. 1987), rev. denied, (Minn. Nov. 24, 1987); Burch v. Commissioner of Corrections, 2006 WL 1738239 at *3 (Minn.App., June 27, 2006)("[A] violation of the right to due process can be challenged under a petition for a writ of habeas corpus"), citing Townsend v. State, 646 N.W.2d 218, 222 (Minn. 2002), citing, in turn, State ex rel. Holm v. Tahash, 139 N.W.2d 161, 163 (Minn. 1965), and Minnesota Statutes Section 590.01, Subdivision 1(1).

Accordingly, since the Petitioner has failed to exhaust his State Court remedies as to his current claims, his Petition is not entitled to Federal Habeas Corpus review

at this time, and we recommend that this Petition be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, we recommend that the Petition be dismissed without prejudice, in order to afford the Petitioner an opportunity to exhaust his State Court remedies. The Petitioner may return to Federal Court -- if necessary -- after the State Courts, including the Minnesota Supreme Court, have reviewed and decided **all** of the claims that he seeks to present in Federal Court. See, Krimmel v. Hopkins, 56 F.3d 87, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995), citing, Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

In light of our recommendation that this action be summarily dismissed, we further recommend that the Petitioner's Application to proceed in forma pauperis, ("IFP"), see, Docket No. 2, be denied as moot. See, 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(IFP Application should be denied where the Habeas Petition cannot be entertained). We also recommend that the Petitioner's Motion For Appointment Of Counsel, see, Docket No. 3, be denied, since he has not presented a claim for relief that can be entertained at this time. See, Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)(appointment of counsel should be considered **if** the claimant has stated a

facially cognizable claim for relief), abrogated on other grounds, <u>Doe v. Cassel</u>, 403 F.3d 986, 989 (8th Cir. 2005).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be denied.

2. That the Petitioner's Application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied.

3. That the Petitioner's Motion for Appointment of Counsel [Docket No. 3] be denied.

4. That this action be summarily dismissed, but without prejudice.


Dated:  May 21, 2009                                     *s/Raymond L. Erickson*
                                                                          Raymond L. Erickson
                                                                          CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 8, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 8, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.